Hark CHAN, et al., Plaintiffs,

v.

INTUIT, INC, et al., Defendants.

No. C02–2878 VRW (JL).

United States District Court,
N.D. California.

Oct. 20, 2003.

Brian Oberst, Robins, Kaplan Miller & Ciresi, Minneapolis, MN, for plaintiffs.

David Pearlson, Quinn, Emanuel, Urquhart, Oliver & Hedges, Redwood Shores, CA, for defendants.

## Introduction

LARSON, United States Magistrate Judge.

Defendants' motion for protective order came on for hearing October 1, 2003. Brian Oberst appeared for plaintiffs Hark Chan, et al. ("Plaintiffs"). David Perison appeared for Defendants Intuit, Inc. and Electronic Arts, Inc. ("Defendants"). The motion of defendant Symantec Corporation was withdrawn and Plaintiffs' case against Symantec was dismissed by Docket # 195.

The Court considered the Joint Statement submitted by the parties and the oral argument of counsel and hereby grants the motion in part and denies it in part. As part of the protective order in this case, counsel who view confidential information shall be restricted from patenting for a party for the pendency of the trial and for two years after its conclusion. The definition of patenting shall include paragraphs 4(a)(i), (ii) and (iii) of Defendants' proposed order. Paragraph 4(a)(iv) is stricken as too broad and therefore too restrictive.

## Background

On June 14, 2002, Hark Chan, TechSearch LLC and IP Innovation ("Plaintiffs") filed a complaint against Intuit, Inc., Symantec Corp. and Electronic Arts, Inc. ("Defendants") alleging infringement of U.S. Patent No. 6,314,574 B1 ("the '574 patent"). Plaintiffs contend that Defendants infringed the '574 patent by manufacturing and selling CD–ROMs and other read-only storage devices with links to remote sites. Plaintiffs assert these products infringe the '574 patent.

The parties drafted a protective order governing the disclosure of confidential information to attorneys. They agree it is necessary to protect confidential information; they disagree, however, on one aspect.

Defendants propose that disclosure of confidential information to persons involved in patenting for a party be prohibited, and counsel to whom confidential information is disclosed be precluded from patenting for a party during the pendency of this litigation and for two years thereafter. Defendants define patenting as follows:

**4. Patenting and Patent Protected Persons**

(a) "Patenting" shall mean and include:

(i) preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad . . . ;

(ii) preparing patent claim(s) relating to any of the fields listed above;

(iii) providing advice, counsel or suggestion regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s) relating to the field(s) listed . . . above; and

(iv) assisting, supervising, and/or providing counsel to anyone in connection with doing any of the foregoing. (Parties' Joint Statement at pages 2 and 3)

Plaintiffs concede that their attorneys who have access to Defendants' confidential information should be barred from patenting for a party for the pendency of this litigation and for two years after its conclusion. Plaintiffs accept paragraphs 4(a)(i) and (ii) as proposed by Defendants, but contend that 4(a)(iii) and (iv) are vague and overbroad. Plaintiffs are concerned that the additional provisions in 4(a)(iii) and (iv) effectively strip Plaintiffs' counsel of their ability, indeed obligation, to advise their clients. (*Id.*)

## Discussion

■ Rule 26(c) of the Federal Rules of Civil Procedure allows a district court to make any order to protect a trade secret or confidential information by designating the way in which it is disclosed. When determining counsel's access to the opposing parties' confidential information, a court should balance the risk of inadvertent disclosure of trade secrets and the risk of impairing the process of litigation by denying discovery. *Interactive Coupon Marketing, Inc. v. H.O.T! Coupons, LLC,* 1999 WL 618969, at *2, 1999 U.S. Dist. LEXIS 12437, at *11 (N.D.Ill. August 5, 1999).

"A crucial factor . . . was whether in-house counsel was involved in competitive decision making"; that is, advising on decisions about

pricing or design made in light of similar or corresponding information about a competitor." *Brown Bag Software v. Symantec Corp.* 960 F.2d 1465, 1470 (9th Cir.1992) (internal quotations omitted).

At least one federal court has held that patent prosecution counsel participates in competitive decision-making. *In re Papst Licensing,* 2000 WL 554219, *3, 2000 U.S. Dist. LEXIS 6347, *11 (E.D.La. May 4, 2000) (upholding protective order which required counsel having access to confidential information to refrain from advice in patent prosecution for one year after conclusion of litigation, including appeals) ("advice and participation of the Papst parties' counsel in preparation and prosecution of patent applications related to the patents in suit is an intensely competitive decision making activity and would be informed by access to the Non–Papst parties confidential information.") *Id.* at *3, 2000 U.S. Dist. LEXIS 6347 at *12.

■ This Court must consider, when allowing counsel to view confidential information of its client's competitor, whether counsel's involvement in future patent prosecution strategy will be affected by such information to the competitor's detriment. *In re Papst Licensing, Id.* at *2–3, 2000 U.S. Dist. LEXIS 6347 at *7–8, *11 (upholding protective order which required counsel having access to confidential information to refrain from advice in patent prosecution for one year after conclusion of litigation, including appeals).

Defendants define patenting as patent prosecution, advice on the scope of the claims of a patent and assisting, supervising, or providing counsel in connection with those activities. Plaintiffs object that advice regarding the scope of patent claims is not competitive decision-making, should not be barred, and assisting, supervising or providing counsel would effectively prevent them from representing their clients in matters which do not constitutes competitive decision-making.

■ This Court finds that if advice related to patent prosecution is defined as competi-

tive decision-making, as it clearly is in the *Papst* decision, then advice on the scope of patent claims must also be defined as competitive decision-making. A court construing the claims of a patent considers the prosecution history, if available, which helps to define the scope of the claims of the patent. "This history contains the complete record of all the proceedings before the Patent and Trademark Office, including any express representations made by the applicant regarding the scope of the claims." *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed. Cir.1996). Advice regarding the scope of the claims in a patent is sufficiently related to patent prosecution to be defined as competitive decision-making.

If counsel in the case at bar receives confidential information that could pertain to future patent prosecution, counsel would have to compartmentalize the information so that it does not inform counsel's decisions pertaining to those future patent prosecutions. *Mikohn Gaming Corp. v. Acres Gaming, Inc.,* 1998 WL 1059557 at *2, 1998 U.S. Dist. LEXIS 22251 at *10 (D.Nev. Apr. 15, 1998). The Court must consider whether counsel might inadvertently use confidential information obtained in the course of this litigation to shape advice regarding the scope of patent claims as part of the prosecution of patents for any party to this action, to the detriment of the opposing party, its competitor. If so, then such counsel should either be denied access to confidential information or be precluded from patenting for a party.

The Court applies these considerations to Defendants' proposed definitions of "patenting," and finds as follows:

Paragraphs 4(a)(i), (ii) and (iii) are sufficiently related to competitive decision-making to require protection of confidential information from inadvertent disclosure. Each defines "patenting" as something related to patent prosecution or providing advice regarding patent prosecution. *Papst* and *Mikohn Gaming* both allow restrictions on the disclosure of confidential information if the recipient is involved in providing advice

about patent prosecutions. *Papst,* 2000 WL 554219 at *2, 2000 U.S. Dist. LEXIS 6374 at *11–12, *Mikohn Gaming,* 1998 WL 1059557 at *2, 1998 U.S. Dist. LEXIS 22251 at *10.

This Court finds that patent prosecution includes advice regarding the scope of claims of a patent. *Vitronics,* 90 F.3d at 1582. The Defendants' proposals are sufficiently related to competitive decision-making to justify the restriction imposed on counsels' future services to their clients. This Court finds that in the case at bar, Defendants' proposed definitions of patenting at sections 4(a)(i), (ii) and (iii) are acceptable definitions of patenting and may be included in the protective order.

Paragraph 4(a) (iv), however, does not satisfy the requirements of *Papst* or *Vitronics.* This Court finds that "assisting, supervising and/or providing counsel to anyone in connection with any of the foregoing" is too broad and therefore overly restrictive. Paragraph 4(a)(iv) covers activities which would not constitute competitive decision-making and therefore, the restriction is not justified. Paragraphs 4(a)(i), (ii) and (iii) are sufficient to protect the parties' confidential information, without 4(a)(iv).

### Conclusion

As part of the protective order in this case, counsel who view confidential information shall be restricted from patenting for a party for the pendency of the trial and for two years after its conclusion. The definition of patenting shall include sections 4(a)(i), (ii) and (iii) of Defendants' proposed order. Paragraph 4(a)(iv) shall be stricken as too broad and therefore too restrictive.

For all the above reasons, Defendants' motion is granted in part and denied in part.

IT IS SO ORDERED.